IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| RALPH WILLIAMS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

Plaintiff Ralph Williams, for his claims against Defendant, Aetna Life Insurance Company, states and alleges as follows:

**PARTIES**

1. Plaintiff Ralph Williams ("Williams") is, and at all times relevant to the allegations contained herein has been, a resident of Grand Forks, Grand Forks County, North Dakota.

2. Defendant Aetna Life Insurance Company ("Aetna"), is a corporation organized and existing under the laws of the State of Connecticut which conducts ongoing business with North Dakota residents, employs North Dakota residents, has extensive contacts within North Dakota, and accordingly is found in North Dakota.

3. Aetna, as a foreign insurance corporation, may be served with process in this action by service upon the North Dakota Insurance Commissioner pursuant to F.R.Civ.P. Rules 4(e)(1) and 4(h)(1) and North Dakota Century Code § 26.1-11-10.

**JURISDICTION AND VENUE**

4. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and principles of federal common law developed

1

thereunder, and the Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1).

5. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2), because the case involves an employee benefit plan administered in this district and the Defendant does business in this district.

## FACTUAL BACKGROUND

6. Plaintiff restates and realleges paragraphs 1 through 5.

7. For his Complaint, Williams seeks reinstatement of long-term disability ("LTD") benefits from Aetna, together with his attorney's fees, costs, and disbursements in this action, his claims being governed by ERISA, 29 U.S.C. § 1001, *et seq*.

8. Prior to his disability, Williams worked for Praxair, Inc. ("Praxair") as a territory manager.

9. Through his employment with Praxair, Williams was provided LTD coverage as part of Praxair's LTD group policy, which at all times relevant was and is underwritten by Aetna.

10. Due to total disability arising from various severe impairments, Williams was unable to continue working for Praxair effective May 18, 2015 and thereafter filed a claim with Aetna for LTD benefits.

11. Aetna approved Williams' claim, conceding that that he was physically unable to perform the duties of his occupation as a territory manager, ultimately paying benefits through on or about November 15, 2017.

12. On June 7, 2017, Aetna indicated via letter that Williams did not meet its "Test of Disability" as set forth in the LTD group policy, alleging that Williams was able to perform four alternate light and sedentary occupations.

13. On September 27, 2017, Williams requested an administrative appeal of Aetna's June 7, 2017 decision.

14. On January 8, 2018, Aetna issued a final decision affirming its June 7, 2017 denial of LTD benefits, informing Williams that he "[g]enerally" had "up to [two] years to take legal action to recover payment if" he "disagree[d] with" Aetna's "decision, but no more than [three] years from" when Aetna first denied eligibility for LTD benefits.

15. Williams has exhausted his administrative remedies under ERISA and/or resort to further administrative remedies was and is futile, requiring timely commencement of this ERISA action.

16. Despite submitting medical evidence in support of his appeal demonstrating entitlement to ongoing LTD benefits under the LTD group policy, Williams's administrative appeal was denied by Aetna in a manner that was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the policy, and not based on substantial evidence as demonstrated by the following non-exhaustive examples:

   a. Aetna relied on the opinions of medical professionals and other consultants who were financially biased by their relationship with Aetna and as such were unable to offer unbiased opinions;

   b. Aetna relied on the opinions of medical professionals and other consultants which were not supported by substantial evidence in the claim file and were not consistent with the overall evidence in the record;

   c. Aetna ignored compelling medical evidence and took selective evidence out of context to deny Williams's claim for ongoing LTD benefits;

   d. Aetna, despite reaping the financial benefit of Williams' receipt of Social Security Disability Insurance benefits by offsetting his LTD benefits against the same, failed to

obtain and adequately consider the findings of the Social Security Administration that Williams was and is unable to perform the demands of his past relevant work and all other work that exists in significant numbers in the national economy considering his age, education, and work experience; and

e. Aetna ignored and / or misrepresented the opinions of Williams's treating physicians.

## COUNT I

17. Williams restates and realleges paragraphs 1 through 16.

18. Williams is disabled under the terms of the Praxair LTD group policy and is entitled to receive LTD benefits.

19. Aetna's termination of Williams's LTD benefits violates ERISA, 29 U.S.C. § 1001, *et seq*.

20. By reason of the foregoing, Williams is entitled to judgment against Aetna for reinstatement of LTD benefits, retroactive and ongoing LTD benefits, plus interest and reasonable attorneys' fees and costs, and a declaration that Williams is entitled to benefits under the LTD group policy.

## COUNT II

21. Williams restates and realleges paragraphs 1 through 20.

22. Plaintiff has been forced to bring this action as a direct result of Aetna's violations.

23. As a direct result of Aetna's acts and failures, Williams has incurred attorneys' fees and costs. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## PRAYER FOR RELIEF

24. WHEREFORE, Williams requests judgment in his favor and against Aetna as follows:

1. Adjudicate that Williams meets the definition of disability under the Praxair LTD group plan;

2. Adjudicate that Aetna owes Williams retroactive monthly benefits under the LTD group plan, plus interest;

3. Enjoin Aetna to pay LTD benefits under the LTD group plan, plus accrued interest;

4. Award Williams the costs, disbursements and other expenses of this litigation, including reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

5. Award such additional and further relief as the Court may deem just and proper.

Respectfully submitted this 31st day of December, 2019.

By: /s/ Mac Schneider
Mac Schneider
Schneider Law
Attorney for Plaintiff
ND ID# 06476
815 Third Avenue South
Fargo, North Dakota 58201
(701) 235-4481
mac@schneiderlawfirm.com